**Jimmy WALLS, on behalf of himself and all others similarly situated, Appellant,**

v.

**MORRIS CHEVROLET, INC., and Morris Investment Co., Inc., Appellees.**

**No. 45972.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 9, 1973.

Wendell E. Wightman, Oklahoma City, D. Kent Meyers and Robert D. McCutcheon, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellant.

Bryce A. Baggett, Fellers, Snider, Baggett, Blankenship & Bailey, John K. Speck and Arnold T. Fleig, Speck, Philbin & Fleig, Oklahoma City, for appellees.

BAILEY, Presiding Judge:

Plaintiff sued defendants for allegedly taking a negotiable instrument in conjunction with a consumer credit sale in violation of 14A O.S.1971, § 2–403. He sought the recovery of three times the amount of the credit service charge, the maximum penalty provided for such violations, for himself and for others similarly situated. The note and security agreement signed by the plaintiff were on the same sheet of paper and defendants demurred on several grounds, including that the papers did not include a negotiable instrument.

The trial court sustained the demurrer and dismissed the petition when the plaintiff declined to amend. Plaintiff appeals.

First, both parties assume that the note, considered by itself, is not negotiable. So do we. The sum payable from the face of the note does not appear to be a sum certain because of the privilege stated in the note of refund of any unearned finance charge based on the Rule of 78 upon prepayment of the balance. The amount of the finance charge is not apparent from the face of the note and therefore the sum to be paid is uncertain in the event of prepayment. Under 12A O.S.1971, § 3–106: "(1) The sum payable is a sum certain even though it is to be paid . . . (c) with a stated discount . . . if paid before . . . the date fixed for payment . . . ." In this instance the amount of the discount is not stated in the note and cannot be computed from its face. As is stated in the Uniform Commercial Code Comment to this section: "A stated discount or addition for early or late payment does not affect the certainty of the sum so long as the computation can be made . . . The computation must be one which can be made from the instrument itself . . . ."

To overcome the absence of a sum certain on the face of the note, the plaintiff argues that the amount of the finance charge appears in the accompanying security agreement, that the security agreement and the note should be considered one instrument because on the same sheet of pa-

per, that so construed the missing term is supplied and both note and security agreement are negotiable.

For the proposition that the note and security agreement must be considered one instrument for purposes of determining negotiability plaintiff relies upon the apparently pre-Code case of Commerce Acceptance of Oklahoma City v. Henderson, 446 P.2d 297 (Okl.1968). In that case the Oklahoma Supreme Court held that the terms in the conditional sales contract destroyed the negotiability of a note attached to it, saying:

"The Conditional Sales Contract and 'NOTE' must be considered one instrument, since admittedly not dismembered until after assignment to plaintiff. We note, however, the 'NOTE' sued upon showed to be secured by a Conditional Sales Contract." 446 P.2d at 300.

We think that this quoted language continues to have vitality under the Code. Willier & Hart, U.C.C. Reporter-Digest § 3–104, A2, Comment 1 states in part:

"Indeed, there is a significant difference between a separate agreement, which is 'part of the same instrument' and a separate agreement, contemporaneously executed, which is not 'part of the same instrument.' In the first situation, a promise included in the separate agreement might render the whole writing non-negotiable under Section 3–104(1)(b). In the second situation, the separate agreement would in no way affect the negotiability of the contemporaneously executed promissory note under Section 3–119 . . . ."

However both the above comment and the Commerce Acceptance Case make it clear that a note may be made *non-negotiable* by the added terms of an attached agreement not that it may be made *negotiable* by those terms when it lacks an element of negotiability on its face. We have been cited to no case, nor have we found one, in which a note on its face non-negotiable has been found to be negotiable by reference to an attached security agreement.

▐█▌ It is our opinion that a note cannot depend upon another agreement for elements of negotiability whether that agreement is attached to the note or separate from it except in those rare instances where such an incorporation is sanctioned by the Uniform Commercial Code expressly or by necessary implication. Negotiable notes are designed to be couriers without excess luggage under both the prior law and under the Code and so negotiability must be determined from the face of the note without regard to outside sources (with rare exceptions) so that the taker may know that he takes a negotiable instrument with the insurance of collectability provided by the Code and not an ordinary contract subject to the possibility of all defenses by the maker.

12A O.S.1971, § 3–105 in subdivision (2) provides that a note is not negotiable if the instrument "(a) states that it is subject to or governed by any other agreement . . . ." 12A O.S.1971, § 3–119(2) provides: "A separate agreement does not affect the negotiability of an instrument." Bender's U.C.C. Service, Hart & Willier, Commercial Paper § 2.09[3] states in part:

"Section 3–119(2) makes it clear that the conditional or unconditional character of an instrument is to be determined from the terms of the instrument itself . . . An instrument is non-negotiable if it contains 'any language which, fairly construed, requires the holder to look to the other agreement for the terms of payment.' . . ."

We think that these Code provisions are controlling in this instance where the attached note and security agreement could be detached and treated as separate instruments.

We are particularly concerned about the incongruous result which might be reached in this case if we held that the security agreement here imparted the necessary element of negotiability to the promissory note so that it became negotiable. Though on the same sheet of paper, the security agreement and the note are so situated on the paper that they could be detached from each other and each would appear to be an agreement complete in itself. There is nothing in the terms of either agreement to make it illegal or even inappropriate for a holder to so separate them. In that event any subsequent holder of the note could not determine its negotiability from the note itself but this would depend upon a now separate instrument, the security agreement. Presumably such a note, though negotiable when attached (if we should so hold) would be non-negotiable when separated, since under the Code and before with rare exceptions none of which is relevant here, a separate agreement cannnot supply elements of negotiability to a note which from its very nature must be negotiable or not from its face. 12A O.S. 1971, § 3–119(2) and Oklahoma Code Comment 5 thereto; Britton, Bills and Notes 41 (2d ed. 1961). This is a bad result to be avoided if possible.

We note that the 1962 draft of the Uniform Commercial Code does permit reference to another agreement for a term of the sort which we have under consideration here. Under it an instrument's negotiability is not affected by a clause which "refers to a separate agreement for rights as to prepayment or acceleration." § 3–105(1)(c). However this provision is not included in the Oklahoma Code which is modeled after the earlier version. We do not feel free to add to or subtract from the elements of negotiability as set out in the Code adopted by the Legislature however desirable such a change might be.

The judgment of the trial court is affirmed.

Affirmed.

BOX, J., concurs.